ORIGINAL

# In the United States Court of Federal Claims
No. 08-533C

(Filed: January 12, 2015)

FILED
JAN 1 2 2015
U.S. COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| CARDIOSOM, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE

On September 18, 2014, Mr. Jerry Stouck of Greenberg Traurig, LLP filed a motion to withdraw as counsel of record for plaintiff Cardiosom, L.L.C. Mot., ECF No. 94. Mr. Stouck sought to withdraw as counsel as he has been unable to engage in sufficient communications with Cardiosom, or persons acting on its behalf, to plan for future proceedings in this matter, and he has no expectation that he will be able to do so in the reasonably foreseeable future. Mot. ¶ 2. Mr. Stouck also reported that Cardiosom is no longer in business, and has not entered into an engagement agreement to provide for payment of fees and expenses to Mr. Stouck. Mot. ¶¶ 2(a), 3.

On September 19, 2014, the undersigned issued an order affording plaintiff a sixty day period, until November 18, 2014, to obtain substitute counsel. Sept. 19 Order, ECF No. 103. The undersigned also directed Mr. Stouck to provide a copy of the court's order to Cardiosom's representative, which he did. Notice, ECF No. 105. The court provided notice that the court's rules[1] require that a corporation be represented by an attorney admitted to practice before this court; Cardiosom may not appear in this matter pro se. Sept. 19 Order 1-2.

---

[1] Rules of the United States Court of Federal Claims (RCFC)

Plaintiff failed to file a timely motion to substitute counsel, or otherwise respond to the court's September 19, 2014 order. On November 19, 2014, the undersigned directed Mr. Stouck to provide the court with available contact information on the authorized representative(s) of Cardiosom with whom he has had contact. Order, ECF No. 106. Mr. Stouck informed the court that Cardiosom "ceased business operations and is defunct," and provided contact information for three individuals. Notice, Dec. 1, 2014, ECF No. 108.

On December 2, 2014, the undersigned issued an order to Cardiosom to show cause why its case should not be dismissed pursuant to Rule 41(b) for failure to prosecute, and directed the Clerk's Office to forward the order to the three representatives of Cardiosom. Order to Show Cause, ECF No. 109. The court provided notice to Cardiosom that only an attorney may represent a corporation in this court, that failure to prosecute its complaint will result in an involuntary dismissal, and that an involuntary dismissal will preclude any further lawsuit involving the same claim against the defendant. Order to Show Cause 2. Cardiosom's response was due no later than January 9, 2015. Plaintiff failed to respond to the Order to Show Cause.

On January 12, 2015, the court granted Mr. Stouck's motion to withdraw as counsel of record for Cardiosom, L.L.C. ECF No. 114. Cardiosom, L.L.C. is now unrepresented by counsel.

The court's rules provide that the court may dismiss an action if the plaintiff fails to prosecute or comply with a court order.

> **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction or failure to join a party under RCFC 19—operates as an adjudication on the merits.

RCFC 41(b). The Federal Circuit has upheld this court's authority to dismiss a matter for failure to respond to a court order. See Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986) (affirming dismissal for failure to prosecute where plaintiff failed to

2

respond to court orders, including an order to show cause why the complaint should not be dismissed).

Plaintiff has twice failed to respond to a court order. Dismissal is therefore not only appropriate, but required to maintain efficient use of the court's resources.

Accordingly, under Rule 41(b), this case is **DISMISSED** with prejudice for failure to prosecute.

The Clerk's Office is directed to forward this order to the individuals listed below, via the provided contact information:

Mr. Michael Eidelman, Esq.
Vedder Price
222 North LaSalle Street
Chicago, IL 60601

Mr. Jay Jarrell
jj2432@tampabay.rr.com

Mr. Warren Ball
wball88@yahoo.com

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge